IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY CLIFTON, JR.,
  Petitioner,

vs.            Case No. 4:05cv358/MMP/EMT

FLORIDA PAROLE COMMISSION, et al.,
  Respondents.
               /

## ORDER

   This cause is before the court upon referral from the district court (*see* Doc. 66), Petitioner's "Motion for Leave and/or Delay of Any Further Court's Decisions" (Doc. 62), and Respondent's response in opposition to Petitioner's motion (Doc. 69).  Petitioner essentially seeks a stay of this action because he has filed an action in North Carolina addressing the same issues as those raised here, and he asks that this court delay any dispositive rulings pending resolution of the North Carolina case (Doc. 62).  The district court, therefore, remanded the case to the undersigned to issue a supplement to the R & R, addressing whether the district court should stay the instant habeas action pending the outcome of the North Carolina proceeding (Doc. 66 at 1–2).[1]

   In Petitioner's motion, Petitioner seeks a "delay of any further court's [sic] decisions" because he filed a civil complaint against his former North Carolina probation officer, Arthur Williams, Jr. (Mr. Williams), in North Carolina based on the same allegations in the instant habeas petition (*id.* at 15, Ex. B).  For example, Petitioner alleges in the North Carolina complaint that Mr. Williams and the North Carolina Department of Corrections, Probation and Parole Division and/or Community Corrections Division, have "directly acted unconstitutionally in the ways of depriving the plaintiff of his rights to life, family life and liberty interest, without the protection of law and

---

   [1]Following the district court's remand, Respondent was directed to file a response to Petitioner's motion (*see* Doc. 67).

adjudication under color of state law" (*id.*).

In Respondent's response in opposition to Petitioner's motion, Respondent argues that the Florida Parole Commission (Commission) and the remaining Respondents are not parties to Petitioner's North Carolina civil action (Doc. 69 at 2).  Furthermore, Respondent argues that Petitioner fails to state "with particularity how a determination in the North Carolina court against parties which are not a part of the case before this court could affect the outcome of this case" (*id.*). Finally, Respondent states that Petitioner presented his claims, which were primarily based on an allegation that Mr. Williams falsified Petitioner's violator warrant, to the Commission and to the state and federal courts, and all courts have rejected his theory (*id.*).

Before the undersigned issues a supplement to the R & R, Petitioner shall submit a copy of the order of the North Carolina State Court, ruling on Petitioner's "Complaint for Extraordinary Relief and Declaratory Judgment" (Doc. 62, Ex. B).  If the court has not yet issued a ruling on Petitioner's complaint, Petitioner shall submit a copy of a docket entry and/or calendar notice indicating the next hearing date for this matter.[2]

Accordingly, it is **ORDERED** that:

Petitioner shall submit the information from the North Carolina Superior Court, as outlined in the body of this order, within **TWENTY (20) DAYS** from the date of docketing of this order.

**DONE AND ORDERED** this 21st day of January 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The court notes that Plaintiff submitted a copy of a "Clean-Up Calendar Notice" from the North Carolina Superior Court for case number 07-CVS-021208, indicating that a hearing was set for August 21, 2008 at 2:02 p.m. (Doc. 62, Ex. C).

Case No: 4:05cv358/MMP/EMT