IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY CLIFTON, JR,

    Petitioner,

v.                                  CASE NO. 4:05-cv-00358-MP-EMT

JAMES R MCDONOUGH, et al.,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 59. the Report and Recommendation of the Magistrate Judge, as well as Doc. 81, a Supplement to the Report and Recommendation, which the Court required of the Magistrate Judge in a prior order (Doc. 66). The Petitioner has filed an Objection to the Report and Recommendation and supplement, at Doc. 86. For the reasons which follow, the Report and Recommendation of the Magistrate Judge is adopted and this habeas petition is denied.

The petitioner claims that his parole in Florida was wrongfully revoked based on a report issued by a North Carolina probation officer, Arthur Williams, Jr. On or about June 21, 1983, the Florida Parole Commission granted Petitioner parole supervision until June 21, 1993. On or about December 19, 1986, however, Petitioner requested that his parole supervision be transferred to North Carolina. The Florida Parole Commission approved Petitioner's request.

On April 13, 1987, North Carolina's Department of Corrections acknowledged receipt of Petitioner's Interstate Compact parole supervision transfer, and indicated that contact with Petitioner had been initiated. Subsequently, the transfer of Petitioner's parole supervision to

North Carolina was confirmed. On July 7, 1987, the Florida Parole Commission acknowledged the correspondence with North Carolina, and requested periodic reports on Petitioner's progress.

Almost immediately, Petitioner failed to report to his North Carolina Parole Officer. The Parole Officer testified at the final revocation hearing that Petitioner had failed to attend scheduled meetings at the probation office on June 29, 1987, July 14, 1987, and December 28, 1987. In December, the Parole Officer went to Petitioner's approved residence to "leave a last call." (Respondent's Exh. T). When he arrived at the location the new tenant informed the Parole officer that Petitioner no longer lived at that address. Petitioner's Parole Officer testified that he then prepared "a last notice" letter and mailed it to Petitioner's last known address. (Respondent's Exh. T). The letter informed Petitioner that he was required to report or a warrant would be issued. Petitioner neither responded to the letter nor returned to the probation office. As a result, Petitioner's Parole Officer prepared the violation report and submitted the report to the Florida Parole Commission, with a recommendation that Petitioner's parole supervision be revoked.

It was February 8, 1988, when Petitioner's North Carolina Parole Officer filed the violation report, considering Petitioner to be an absconder from supervision and requesting that a warrant be issued. A copy of the report was submitted to the Florida Parole Commission, and on March 4, 1988, the Parole Commission issued a Warrant for Retaking Paroled Prisoner for "changing residence without first procuring the consent of his Parole Supervisor" and "failing to make a full and truthful report to his Parole Supervisor before the fifth day of each month." Despite the warrant, Petitioner remained an absconder from supervision for approximately sixteen (16) years, from the fall of 1987 to the summer of 2003.

In 2003, Petitioner was arrested and a final revocation hearing was held. Petitioner

testified that in the fall of 1987, he had gone to the probation office where an unidentified female officer approved Petitioner's parole supervision transfer to Florida. Petitioner further testified that this same person gave Petitioner permission to return to Florida, and told him to report in seven days. According to Petitioner, he went to "Altamonte Springs and reported. After a time no file was forwarded." Petitioner further stated that he felt someone had misplaced his paperwork. Contradictorily, Petitioner also advanced the theory that his Parole Officer had informed him via telephone that his supervision was terminated. In the course of his testimony, Petitioner did acknowledge that he had moved from his approved residence, and stopped reporting to his Parole Officer in North Carolina. Petitioner also acknowledged that he left North Carolina in October 1987.

After the hearing, the Parole Examiner revoked Petitioner's Parole, and the reviewing state court upheld the decision, finding as follows:

> that the evidence established in this case supports the parole revocation based on the violations with which the Petitioner was charged. Petitioner's Parole Officer's testimony consisted of direct evidence of his observations and interactions with Petitioner....Moreover, Petitioner's unsupported explanations for his conduct were not plausible. Petitioner claimed that an unidentified female officer authorized the transfer of his parole supervision to Florida, and then misplaced the paperwork. In the alternative, Petitioner claimed that his Parole Officer informed him that his supervision was terminated. The Parole Examiner properly exercised his discretion in believing the testimony of the Parole Officer over Petitioner's unsupported statements. It is entirely within the hearing examiner's discretion to believe or disbelieve the releasee's testimony....The Court finds that the record contains competent substantial evidence to support the Parole FPC's order revoking Petitioner's parole supervision violation.

The Petitioner then brought the instant federal proceeding, which eventually led to an Report and Recommendation in which the Magistrate Judge recommended that Petitioner failed to establish that the decision of the state court in upholding the parole revocation was contrary to or an unreasonable application of Supreme Court law, or that it was based upon an unreasonable

determination of the facts. Therefore, pursuant to 28 U.S.C. § 2254(d), Petitioner was not entitled to federal habeas relief. In response to the Report and Recommendation, the Petitioner filed Docs. 62 and 63, which the Court construed as Motions for Enlargement of Time to file Objections and a motion to stay this case.

That is, in the motion at Doc. 62, Petitioner indicated that he had filed an action in North Carolina that appears to address the same issues as the current case. The Court therefore, in the order at Doc. 66, remanded the case back to the Magistrate Judge to issue a supplement to the Report and Recommendation, determining whether the Court should stay the current action pending the outcome of the North Carolina proceeding.

The Magistrate Judge investigated the matter and has issued Doc. 81, a Supplement to the Report and Recommendation. The Magistrate Judge recommends that no stay be entered in this case because Petitioner does not have a likelihood of success on the merits in the North Carolina action. The Petitioner filed objections, Doc. 86, which the Court has reviewed.

The Court agrees with the Parole Examiner, the state court and the Magistrate Judge that Petitioner's explanation for why he stopped reporting to probation in either Florida or North Carolina are simply implausible and that the Parole Examiner was correct in crediting the testimony of the probation officer. Accordingly, the Court also agrees that Petitioner has failed to establish that the decision of the state court in upholding the parole revocation was contrary to or an unreasonable application of Supreme Court law, or that it was based upon an unreasonable

determination of the facts.  Therefore, pursuant to 28 U.S.C. § 2254(d), Petitioner is not entitled to federal habeas relief and no stay would be worthwhile.   It is hereby

**ORDERED AND ADJUDGED:**

Docs.  62 and 63, which the Court construe as making up a collective motion to stay this case pending the outcome of a simultaneous action filed in North Carolina, are denied.

Doc.  85, the Motion to extend time to file objections, is granted nunc pro tunc to September 25, 2009.  The Court has reviewed and considered the Objection at Doc. 86.

The Report and Recommendation of the Magistrate Judge, Doc. 59, as supplemented by Doc. 81, is adopted, and the habeas petition Doc. 20 is denied.

**DONE AND ORDERED** this  *29th*   day of October, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge