IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY CLIFTON, JR,

 Petitioner,

v.               CASE NO. 4:05-cv-00358-MP-EMT

JAMES V CROSBY, JR,
FLORIDA PAROLE COMMISSION,
JAMES R MCDONOUGH,
ARTHUR WILLIAMS, JR,

 Respondents.

_____/

**O R D E R**

  This matter is before the Court on Doc. 94, a request from the United States Court of Appeals for the Eleventh Circuit that this Court construe the Notice of Appeal at Doc. 89 as including a Motion for Certificate of Appealability. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. , "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

  In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4,

103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)) If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

    In the order at Doc. 87, the Court stated:

> The Court agrees with the Parole Examiner, the state court and the Magistrate Judge that Petitioner's explanations for why he stopped reporting to probation in either Florida or North Carolina are simply implausible and that the Parole Examiner was correct in crediting the testimony of the probation officer. Accordingly, the Court also agrees that Petitioner has failed to establish that the decision of the state court in upholding the parole revocation was contrary to or an unreasonable application of Supreme Court law, or that it was based upon an unreasonable.

    Because this case comes down to explanations by Petitioner that are simply not plausible, no reasonable jurists would debate the fact that petitioner's habeas corpus petition was properly dismissed.  Therefore, Petitioner cannot make a substantial showing of the violation of a constitutional right and the Application for Certificate of Appealability is denied.  It is therefore

**ORDERED AND ADJUDGED:**

Doc. 89, construed as a Motion for Certificate of Appealability, is denied.  The Clerk is directed to send a copy of this order and the page of the docket sheet reflecting entry of this order to the United States Court of Appeals for the Eleventh Circuit.

**DONE AND ORDERED** this  _30th_  day of December, 2009

                          *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge